Peelle, J.,
delivered the opinion of the court:
The commissioner to whom this case was referred to ascertain and report the facts in respect; of the time employed by the claimants in excess of eight hours a day, under the act of May 24,1888 (1 Supp.E. S., 587), made his report herein, showing that during the period from May 1, 1893, to December 31, 1894, the claimants had worked more than eight hours a day, but he declined to report the exact time, so employed, for the reason, as stated by him, that although overtime was necessarily made by single district carriers, both at the central office and at some of the stations, with the knowledge both of the superintendent of the city delivery division and of station superintendents, still such overtime was made without the knowledge and consent of the postmaster, and therefore comes within the decision in the case of Seville and others (33 C. Cls. E., 495).
The question now presented arises on the claimant’s motion to refer back to the commissioner his report, “ with instructions to compute the amount of overtime made by the several carriers under the circumstances stated” by him in his report, and report such overtime in the usual form as the basis for judgments.
We have examined the report of the commissioner, and while he reports that the postmaster had “testified that no overtime was made after May 1,1893, with his knowledge and consent,” still the fact appears that overtime was made, and that the same was necessary to the public service; and further, that such overtime was performed by the claimants with the knowledge of the subordinates of the postmaster having immediate supervision of their work, and that some of them reported the facts to the postmaster, who took no steps to prevent such *533 overtime. Furthermore, by bis correspondence with the Post-Office Department as early as May, 1891, and continuing until May, 1893,, the postmaster called the attention of the Department to the need of additional carriers, thus showing that the need of additional carriers must have come to him from personal knowledge of the situation or from reports from his subordinates.
From the facts reported it also appears that in numerous cases the carriers “were forbidden to record overtime by the foreman or the superintendent directly over them, and from whom they usually received their orders. In other cases carriers would not report overtime for fear of being reprimanded or assigned to other routes.” In some cases where carriers had recorded overtime their trip reports were handed back, with instructions to correct them so as to show np overtime.
True, in the Seville Case (supra) we held that a letter carrier was not employed to work more than eight hours a day unless engaged in “active postal duties with the knowledge and consent of the postmaster,” and that such knowledge and consent could not be presumed or implied in the face of instructions from the Post-Office Department or the postmaster, of which the carrier had notice, that no overtime should be made; and further, that subordinates had no authority to require overtime from letter carriers without the consent of the postmaster, as such consent was “essential to constitute an employment,” and we still adhere to the ruling in that case; but while we so hold it must not be made the pretext for postmasters to sheld themselves behind their subordinates. When such overtime has been necessarily made under the supervision of subordinates, who report the fact to the postmaster, and he takes no steps to check or otherwise regulate such service, his consent thereto must be presumed.
In the present case the facts justify the conclusion that the postmaster not only had knowledge that the claimants were working more than eight hours a day, especially during the period of the World’s Fair, but that such overtime was necessary to the public service, to which he gave his consent, and for that reason the claimants’ motion to refer the commissioner’s report back to him, with instructions to compute and report to the court the amount of overtime, if any, made by each of the claimants, is sustained.
*534 It is therefore ordered by the court that the report of the commissioner, hereinbefore referred to, be, and the same is hereby, referred back to him, with instructions to ascertain and report the exact time worked by the claimants, and each of them, under the circumstances stated by him, in excess of eight hours a day during the period, or any part thereof, from May 1, 1893, to December 31,1894.